# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLES DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:14-cv-0220-WTL-DKL |
| | ) |
| GAIL POVALERI, CHRIS MONROE, | ) |
| and TAMI HINES, | ) |
| | ) |
| Defendants. | ) |

## Entry Dismissing Complaint and
## Directing Further Proceedings

On December 2, 2014, this Court issued an Entry dismissing the plaintiff's federal claims against the defendants. The Entry gave the plaintiff time to show cause why judgment should not issue. [dkt. 35]. After several extensions of time, the plaintiff filed his return on February 18, 2015. [dkt. 40].

## I.

As an initial matter, the plaintiff raises a claim in his return that he did not raise in the complaint filed on July 15, 2015, which is whether this action was properly transferred to this Court from the Bartholomew County, Indiana, Superior Court. The plaintiff claims that he requested in "open court" that his civil rights action be transferred to this Court on July 10, 2014. [dkt. 17]. On July 11, 2014, the Bartholomew Superior Court dismissed the plaintiff's complaint with prejudice pursuant to motions to dismiss filed by the defendants. [dkt. 10-1]. Any appeal of this dismissal is to the Indiana Court of Appeals, not to this Court. The plaintiff's "transfer request" was filed with this Court on July 15, 2014. [dkt. 3]. Thus, to the extent the plaintiff claims this action was transferred to this Court, there is no such mechanism to transfer an action by the

plaintiff.[1] This Court treated the plaintiff's complaint that was filed on July 15, 2014, as a new civil rights action filed pursuant to 42 U.S.C. § 1983.

## II.

In this return, the plaintiff argues that his claims should not be dismissed. These arguments are discussed in turn.

### Judge Monroe

In the screening entry, this Court dismissed the claims against Judge Monroe based on judicial immunity. [dkt. 35]. In the return, the plaintiff alleges that Judge Monroe is not entitled to the protections of judicial immunity because "the defendant's actions were administrative in nature and not covered by immunity." The plaintiff also alleges that Judge Monroe has an "administrative responsibility to ensure the integrity of the records in his Court." In other words, the plaintiff is alleging that Judge Monroe is responsible, as the supervisor, for the errors made by the court reporter. The claims against Judge Monroe must be dismissed because neither the complaint nor the return alleges that Judge Monroe personally participated in the conduct or directed it to occur. To be liable for a constitutional violation, an individual must have personally participated in the conduct or it must have occurred at his direction. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) ("'An individual cannot be held liable in a [42 U.S.C.] § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'") (*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)); *See also West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

---

[1] In fact, a state court plaintiff may not remove an action to federal court. Only a state court defendant is permitted to remove an action to federal court pursuant to 28 U.S.C. § 1441 and 1442(a)(1).

Additionally, in the plaintiff's response to Judge Monroe's motion to dismiss, he requested that all claims against Judge Monroe be dismissed. [dkt. 30, ¶ 1]. As such, the claims against Judge Monroe **are dismissed**.

*Gail Povaleri*

In the screening entry, the claims against Gail Povaleri were dismissed based on the fact that his allegations against her did not implicate a protected interest and did not include a constitutional dimension. In the return, the plaintiff alleges that Povaleri committed fraud upon the court. He also alleges that the errors in the transcript deprived him of a fair opportunity to present his case to the Indiana Court of Appeals on appeal. Before errors in a transcript may be the basis for relief under 42 U.S.C. § 1983, the plaintiff must demonstrate that he was disadvantaged by the errors in the transcript. There is no constitutional right to an absolutely and totally accurate transcript. *Loubser v. Pala*, 497 F. Supp.2d 934, 940 (N.D. Ind. 2007). In support of this allegation, the plaintiff states "the errors in the transcript has disadvantaged him during the appellate process because the missing testimony proved the stop by Officer Roberts on September 16, 2010 was without reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" [dkt. 40, p. 9].

However, this did not disadvantage the plaintiff because the Indiana Court of Appeals found that the plaintiff did not have standing to challenge the search of the vehicle. *See Davis v. State*, 977 N.E.2d 31 (Ind. Ct. App. 2012), *trans. denied*. (Unpublished decision). Moreover, any allegation of harm as a result of errors in the transcript that formed the bases of his conviction is precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* forbids a convicted person from seeking damages on any theory that implies that his conviction was invalid unless the conviction is overturned first. Here, the plaintiff seeks money damages for errors in the transcript. He claims

that an error-free transcript would have overturned his conviction on appeal. This challenges the validity of the conviction, which is not permitted. Any claims against Gail Povaleri **are dismissed**.

*Tami Hines*

In the screening entry, the claims against Tami Hines were dismissed because the plaintiff made no allegations of wrongdoing against her. In the return, the plaintiff for the first time alleges that the Bartholomew County Clerk's Office received pleadings for one case that were never filed with the Indiana Court of Appeals in another case. Construing the complaint liberally, this claim might be described as one for negligence. However, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). A claim for negligence does not support a claim under 42 U.S.C. § 1983. *County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"). The claims against Tami Hines **are dismissed for failure to state a claim**.

*State Law Claims*

The foregoing resolves Davis' federal claims in the case. This Court's jurisdiction over his pendent claims under Indiana law is conferred by 28 U.S.C. ▪ 1367(a). However, when a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. ▪ 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998).

The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all

federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The general rule will be followed here, and application of this rule dictates that the pendent state law claim be dismissed for lack of jurisdiction.

## III.

The plaintiff's claims are subject to dismissal for an additional reason, which is that this action is barred by collateral estoppel. This Court applies Indiana's **collateral estoppel** law. *See* 28 U.S.C. § 1738, (stating that federal courts are required to give state court judgments the same preclusive effect as would be given under the law of the state that rendered the judgment); *see also Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1317 (7th Cir. 1993)[https://a.next.westlaw.com/Link/Document/FullText?findType=Y&serNum=1995161377&pubNum=506&originatingDoc=I71057c45dc3011df952c80d2993fba83&refType=RP&fi=co_pp_sp_506_1317&originationContext=document&transitionType=DocumentItem&contextData=(sc.Search) - co_pp_sp_506_1317](https://a.next.westlaw.com/Link/Document/FullText?findType=Y&serNum=1995161377&pubNum=506&originatingDoc=I71057c45dc3011df952c80d2993fba83&refType=RP&fi=co_pp_sp_506_1317&originationContext=document&transitionType=DocumentItem&contextData=(sc.Search)-co_pp_sp_506_1317) (stating "the effect of a state judgment in federal court depends on the state's rather than the federal law of ... **collateral estoppel**"). In Indiana, "**collateral estoppel** operates to bar a subsequent re-litigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subsequent lawsuit." *Tofany v. NBS Imaging Sys., Inc.*, 616 N.E.2d 1034, 1037 (Ind. 1993). "In that situation, the first adjudication will be held conclusive even if the second is on a different claim." *Id.* (citing *Sullivan v. Am. Cas. Co.*, 605 N.E.2d 134, 137 (Ind. 1992)). Here, the plaintiff filed a substantially similar complaint in the state court proceeding as he filed or "transferred" to this Court. He is suing the same three defendants based on the same set of facts relating to the transcription of his criminal

proceedings. [dkts. 2; 22, pp. 23-25]. The state court granted the defendants' motions to dismiss. Because the plaintiff had an opportunity to litigate the same set of facts and issues in state court against the same defendants, he is precluded from re-litigating them in this Court. This complaint **is dismissed**.

## IV.

All of Davis' federal claims have been dismissed. Davis shall have **through June 8, 2015,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Dated: 5/6/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Charles Davis, # 960610
Wabash Valley Correctional Facility
Electronic Service Participant - Court only

Electronically registered counsel.